983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Naomi JOHNSON, Plaintiff-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veteran's Affairs,
Veterans Administration, Defendant-Appellee.
 No. 91-3898.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Naomi Johnson appeals the summary judgment entered in favor of the defendant Edward J. Derwinski, Secretary of Veteran Affairs, in this Title VII action.
 
 
 2
 Plaintiff, a black female, worked as a staff nurse, primary counselor, in the Drug Rehabilitation Unit, of the Veterans Addiction Recovery Center ("VARC") at the VA Medical Center, Cleveland, Ohio. As part of a 1989 reorganization of the VARC, the unit in which plaintiff worked was reduced in size and the plaintiff was transferred from the Drug Unit to a newly created Assessment Unit. The reorganization plan was devised by the Deputy Director of VARC, the Associate Chief of Nursing, the Head Nurse for the Drug Unit, and the Head Nurse for the Alcohol and Compulsive Gambling Unit. Of the four, two members of the team were white and two members were black. This team also selected the criteria to be used in making the forty personnel decisions required by the reorganization.
 
 
 3
 The plaintiff listed the Drug Unit as her first preference and the Assessment Unit as her second. Two other nurses, both white, also listed the Drug Unit as their first choice. Based on the criteria established by the reorganization team, the two white nurses were selected for the Drug Unit positions. The plaintiff received her second choice and thus, fared better than the three nurses who lost their jobs in the reorganization.
 
 
 4
 The criteria considered were length of time at the VA, length of time in the VA drug/alcohol program, and a proficiency score derived from the individual's performance appraisals, including the ability to work therapeutically with a multi-disciplinary team.
 
 
 5
 The plaintiff complained that her experience in the private sector was not considered. If non-VA work were included, plaintiff has the most drug treatment experience of the three. A nurse's drug/alcohol treatment experience outside of the VA was not considered because non-VA drug treatment 1) is often limited to methadone maintenance, 2) does not involve group therapy, and 3) does not involve working as part of an inter-disciplinary team. Of the three applying for the two positions on the Drug Unit, Ms. Johnson received the lowest score on all of the selection criteria.
 
 
 6
 The plaintiff charges that the criteria were purposely skewed to disadvantage black nurses and to advance white nurses. She filed a complaint against Derwinski, P. Stajduhar, Director of the Regional Office and Rosie Chatman, a supervising nurse, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, and state law. On February 25, 1991, the District Court dismissed the Title VII claims against defendants Stajduhar and Chatman, and the state law claims against all three defendants. On June 14, 1991, the District Court granted defendant Derwinski's motion for summary judgment. The plaintiff filed a timely notice of appeal.
 
 
 7
 On appeal, plaintiff argues that the District Court committed three errors. First, the plaintiff asserts that the court erred in finding that the VA's explanation for passing over the plaintiff in its selection of nurses for the Drug Unit was not pretextual. Second, she asserts that it was error for the court to find that she failed to establish a prima facie case of disparate impact. Finally, the plaintiff asserts that it was error for the court to find that she failed to establish a prima facie case of retaliation. Because we find that the record contains no evidence of pretext, disparate impact or retaliation, we AFFIRM the decision of the District Court.
 
 I.
 
 8
 This Court reviews a grant of summary judgment de novo, making all reasonable inferences in favor of the non-moving party. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). There is no genuine issue of material fact where the "non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323.
 
 A. Disparate Treatment
 
 9
 A plaintiff bringing a disparate treatment claim under Title VII bears the initial burden of establishing a prima facie case of discrimination by the defendant. After this is established, the burden of production shifts to the defendant to produce some evidence that the plaintiff was treated in a legitimate, non-discriminatory manner. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once the defendant's burden is satisfied, the burden shifts again to the plaintiff to prove that the proffered reasons were merely a pretext for discrimination. Daniels v. Board of Education of Ravenna City School District, 805 F.2d 203, 207 (6th Cir.1986) (citing Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); McDonnell Douglas, 411 U.S. at 804). "Plaintiff's burden of showing pretext 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Id. (quoting Burdine, 450 U.S. at 256).
 
 
 10
 The District Court found that Ms. Johnson established a prima facie case of discrimination under McDonnell Douglas. Next, it found that the defendant had presented sound non-discriminatory reasons for including only VA experience in its selection criteria. The court noted that even if her length of service in the VA were excluded, Ms. Johnson still would not have been assigned to the Drug Unit because she received the lowest score in each of the selection categories.
 
 
 11
 The plaintiff has failed to adduce any facts of discrimination. We have noted that the non-moving party's evidence in opposition to summary judgment "must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." Sinclair v. Schriber, 916 F.2d 1109, 1112 (6th Cir.1990) (citing Celotex Corp., 477 U.S. at 324). We find that the plaintiff failed to present any evidence of pretext beyond the bare allegations and conclusory statements contained in her affidavits and personal letters.
 
 B. Disparate Impact
 
 12
 Plaintiff also alleges that the selection criteria had a disparate impact on blacks and thus violate Title VII. See Griggs v. Duke Power Co., 401 U.S. 424 (1971). A disparate impact analysis is applied to employment policies or practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 645-46 (1989). To establish a prima facie disparate impact claim, a plaintiff must first identify the challenged employment practice. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988). Second, the plaintiff must provide statistical evidence that the challenged practice has had the effect of excluding a significant number from jobs because of their membership in a protected group Id.
 
 
 13
 The District Court properly granted summary judgment on this claim because plaintiff failed to establish a prima facie case. She not only failed to provide statistical evidence demonstrating causation, but she wholly failed to identify the specific employment practice being challenged. There is absolutely no evidence of disparate impact in the record.
 
 C.
 
 14
 Plaintiff also contends that the VA's decision not to transfer her to the Drug Unit was in retaliation for an EEOC complaint she filed in 1986, in violation of Title VII. To establish a prima facie case of retaliation a plaintiff must show that 1) she has engaged in a practice protected by Title VII; 2) that the defendant knew that she has exercised her civil rights; 3) that thereafter the defendant took an adverse employment action against the plaintiff; and 4) that there was a causal connection between the protected activity and the adverse employment action. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988) (citing Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982)).
 
 
 15
 The District Court found that plaintiff failed to establish a prima facie case of retaliation. District Court Op. at 12; Joint App. at 192. We agree that the plaintiff offered no evidence connecting her 1986 action with the job transfer decision of the present action. Moreover, assuming arguendo that Johnson presented a prima facie case of retaliation, she still failed to prove that the VA's proffered reasons for not transferring her to the Drug Unit were a pretext for discrimination. It has long been recognized that the ultimate burden of proving intentional discrimination rests with the plaintiff. Burdine, 450 U.S. at 253.
 
 II.
 
 16
 The District Court's findings that the plaintiff presented no evidence of pretext, disparate impact or retaliation are not in error. We therefore AFFIRM the District Court's grant of summary judgment to the defendant.